*821 OPINION.
Gkeen:
The only question presented for determination by this appeal is: What amount, if any, should be allowed to the petitioner as depletion on the J. M. Pierce sand and gravel lease? The Commissioner has computed the deduction on a cost basis of $3,000, while the petitioner contends that the proper basis is the March 1, 1913, value of the lease. It was originally claimed that this value was $100,000 but at the hearing an amended petition Avas filed alleging that the March 1, 1913, value was $150,000.
The sand and gravel bar covered by the Pierce lease extends into the bed of the Arkansas River, but in this appeal the petitioner makes no claim for a valuation of any part of the bar below high water mark. Furthermore the United States District Court in United States v. Mackey, 214 Fed. 137, in an opinion rendered since the lease was negotiated, held that the bed of the Arkansas Eiver so far as the river is navigable, belongs to the State.
At the hearing the petitioner called numerous witnesses to the stand to testify as to the value of the lease here under consideration. The testimony of these witnesses as to the value ranges from $100,000 to $300,000. There were few sales or leases made in this vicinity at a time sufficiently close to March 1, 1913, to make evidence of them of any practical value in the determination of the value of this leasehold. From an examination of all of the evidence, we are of the opinion that the leasehold here involved had a value on March 1, 1913, of $100,000 exclusive of the amount heretofore *822 allowed by the Commissioner, and that the depletion allowance should be based upon this amount.

Judgment will be entered after 15 days' notice, wider Bule 50.